[No. H010461. Sixth Dist. Jan. 18, 1994.]

THE PEOPLE, Plaintiff and Respondent, v.
EPIFANO MIRANDA, Defendant and Appellant.

**COUNSEL**

Suzanne H. Paboojian, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Ronald A. Bass, Assistant Attorney General, Martin S. Kaye and Ronald S. Matthias, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**WUNDERLICH, J.**—In this appeal, Epifano Miranda challenges his convictions of driving under the influence causing injury (Veh. Code, § 23153, subd. (a)) and vehicular manslaughter (Pen. Code, § 192, subd. (c)(1)), arguing these offenses are necessarily included within gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a)). We agree with appellant's contention and reverse the convictions on the included offenses.

### Background

Appellant was charged in a four-count information with gross vehicular manslaughter while intoxicated (count 1, Pen. Code, § 191.5, subd. (a)), driving under the influence causing injury (count 2, Veh. Code, § 23153, subd. (a)), vehicular manslaughter (count 3, Pen. Code, § 192, subd. (c)(1)), and hit-and-run driving (count 4, Veh. Code, § 20002, subd. (a)). The victim of each count was Jose Villanueva, a passenger in appellant's car. The information further alleged that appellant caused bodily injury to another passenger, Carlos Torres, while committing the offenses charged in counts 1 and 2, within the meaning of Vehicle Code section 23182. Attached to count 2 were two prior conviction allegations, charging appellant with having suffered violations of Vehicle Code section 23152, subdivision (a) (driving under the influence) and Vehicle Code section 23103 (reckless driving).

These charges arose after appellant's car collided with another car and a tree. Appellant and Torres were injured; Villanueva was killed. The prosecution presented evidence that appellant was under the influence of heroin at the time of the accident. After a court trial, appellant was found guilty of all charges. The court imposed a prison term as follows: six years on count one, with a one-year enhancement pursuant to Vehicle Code section 23182 for the injury to Carlos Torres; three years on count 2, enhanced by one year for the injury to Torres; four years on count 3; and six months in jail, concurrent to count 1, for the misdemeanor hit-and-run conviction. The prison terms imposed for counts 2 and 3 were stayed pursuant to Penal Code section 654.

### Discussion

Appellant contends that both driving under the influence with injury and gross vehicular manslaughter are necessarily included within the

offense of gross vehicular manslaughter while intoxicated. The People correctly concede that gross vehicular manslaughter is such a lesser included offense, but argue that driving under the influence with injury is not.

" 'The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense.' " (*People* v. *Pearson* (1986) 42 Cal.3d 351, 355 [228 Cal.Rptr. 509, 721 P.2d 595], quoting *People* v. *Greer* (1947) 30 Cal.2d 589, 596 [184 P.2d 512].) ■ For purposes of determining the propriety of multiple convictions, an offense is necessarily included if the crimes are defined in such a way as to make it impossible to commit the greater offense without also committing the lesser. (*People* v. *Greer, supra*, 30 Cal.2d at p. 597.) This test must be distinguished from that which is used in determining whether it is proper to give jury instructions on lesser offenses. In the latter situation an offense is necessarily included if all of its elements are elements of the greater offense (as in the case of multiple convictions) *or* if the greater offense is described by the accusatory pleading "in such a way that if committed as specified the lesser offense is necessarily committed. [Citation.]" (*People* v. *Geiger* (1984) 35 Cal.3d 510, 517, fn. 4 [199 Cal.Rptr. 45, 674 P.2d 1303]; *People* v. *Barrick* (1982) 33 Cal.3d 115, 133 [187 Cal.Rptr. 716, 654 P.2d 1243].) This broader standard protects the defendant's due process right to adequate notice before being convicted of a lesser offense *instead* of the charged offense; it does not apply to considerations of whether multiple convictions are proper. (*People* v. *Scheidt* (1991) 231 Cal.App.3d 162, 165-171 [282 Cal.Rptr. 228]; see also *People* v. *Watterson* (1991) 234 Cal.App.3d 942, 947, fn. 15 [286 Cal.Rptr. 13].) ■ We agree with the People, therefore, that this court's analysis must be based on the statutes defining the crimes defendant committed, not on the language of the information.[1]

A comparison of the language of those two statutes, however, does not lead to the conclusion urged by the People. At the time of appellant's offense Vehicle Code section 23153, subdivision (a) provided: "It is unlawful for

---

[1]In this respect we depart from the analysis employed in *People* v. *Rush* (1993) 16 Cal.App.4th 20 [20 Cal.Rptr.2d 15]. In *Rush* the Second District reversed a conviction for grand theft of an automobile with use of a firearm on the ground that it was a lesser included offense of robbery as "specifically pleaded." (*Id.* at p. 27.) The court reasoned that a "lesser included" determination could be based on the charging allegations of the information and even on the "facts in support of the conviction." (*Id.* at p. 25.) We respectfully disagree with that reasoning. Although this court has previously taken note of the pleadings in a challenge to a multiple conviction (see *People* v. *Thomas* (1991) 231 Cal.App.3d 299 [282 Cal.Rptr. 258]), we now acknowledge that *Pearson* is the correct standard by which to evaluate included offenses in such cases, rather than the standard articulated in *People* v. *Geiger*, *supra*, 35 Cal.3d 510 and *People* v. *Toro* (1989) 47 Cal.3d 966, 972 [254 Cal.Rptr. 811, 766 P.2d 577]. (See *People* v. *Watterson, supra*, 234 Cal.App.3d at p. 947, fn. 15.)

any person, while under the influence of an alcoholic beverage or any drug, or under the combined influence of an alcoholic beverage and any drug, to drive a vehicle and, when so driving, do any act forbidden by law or neglect any duty imposed by law in the driving of the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver." Penal Code section 191.5, subdivision (a) defines gross vehicular manslaughter while intoxicated as "the unlawful killing of a human being without malice aforethought, in the driving of a vehicle, where the driving was in violation of Section 23152 or 23153 of the Vehicle Code, and the killing was either the proximate result of the commission of an unlawful act, not amounting to a felony, and with gross negligence, or the proximate result of the commission of a lawful act which might produce death, in an unlawful manner, and with gross negligence."

The People argue that Vehicle Code section 23153 is not necessarily included in Penal Code section 191.5, because "one can commit the latter without necessarily violating Vehicle Code section 23153—such as, by violating section 23152 instead." Instead, they suggest, Vehicle Code section 23153 is a *specifically* included offense within Penal Code section 191.5, because it is named as one of two alternative ways of committing the vehicular manslaughter. The People also take issue with appellant's suggestion that injury must occur in a vehicular manslaughter: "The term 'injury,' in our view, imports an existing physical harm to a living being. When the victim of an intoxicated driver suffers instantaneous death, he passes immediately from life (in an uninjured state) to death (a condition that knows nothing of 'injury'). Accordingly, because one can violate [Penal Code] section 191.5 without 'injuring' the victim, one can violate section 191.5 without necessarily committing a violation of section 23153."

The People's argument is unconvincing. When the focus of our analysis is directed at Penal Code section 191.5 rather than manslaughter in general, it becomes apparent that Vehicle Code section 23153, subdivision (a) is necessarily included in Penal Code section 191.5. One person who injures a person while driving under the influence commits a violation of Vehicle Code section 23153; and if that person dies from that injury—whether immediately or sometime later—a violation of Penal Code section 191.5 has occurred. The People do not suggest how a victim could be killed by a moving vehicle and not incur injury in the process. We cannot envision such a scenario, nor is one created by a hypertechnical reading of Penal Code section 191.5. Appellant's conviction of violating Vehicle Code section 23153, subdivision (a) cannot stand.

### DISPOSITION

The convictions of driving under the influence causing injury (count 2) and vehicular manslaughter (count 3) are reversed, and the enhancement in

count 2 is stricken. The trial court is directed to prepare an amended abstract of judgment reflecting this modification and to forward a copy of the amended abstract to the Department of Corrections. In all other respects, the judgment is affirmed.

Premo, Acting P. J., and Elia, J., concurred.

A petition for a rehearing was denied February 7, 1994, and appellant's petition for review by the Supreme Court was denied April 20, 1994.