Filed 4/8/14  P. v. Bryan CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>ASHLEY SELINA BRYAN,<br><br>    Defendant and Appellant. | G048706<br><br>(Super. Ct. No. 11CF0864)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Lance Jensen, Judge.  Affirmed as modified.

Richard J. Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Appellant Ashley Selina Bryan was convicted by a jury of driving under the influence and causing bodily injury (Veh. Code, § 23153, subd. (a)) and one count of driving with a blood alcohol level of .08 percent or more and causing bodily injury (Veh. Code, § 23153, subd. (b)). They found true a sentencing allegation that her blood alcohol level was above .15 percent. The jury was unable to agree on the charge of gross vehicular manslaughter while intoxicated as described in Penal Code section 191.5, subdivision (a).

Ms. Bryan subsequently pled to that charge and to the accompanying allegation she had caused bodily injury and death to more than one victim (Veh. Code, § 23558). She was sentenced to the midterm of six years for the Penal Code section 191.5 charge and a concurrent term of two years for the Vehicle Code section 23153, subdivision (a) count, and ordered to pay restitution and various fines and fees. She filed a timely appeal.

We appointed counsel to represent her on appeal. While not arguing against appellant, counsel filed a brief which fully set forth the facts of the case and advised us there were no arguable issues on appeal. The brief included a review of the record and consideration of possible arguments, but concluded none of those arguments had any chance of success. However, counsel noted that since he had no access to the file of the *Pitchess* motion (*Pitchess v. Superior Court* (1974) 11 Cal.3d 531) hearing in the case, he could not review that.

We informed appellant she had 30 days to file written argument in her own behalf. Almost four months have passed, and we have received no such argument, so it appears she does not intend to file one. We have reviewed the record of appellant's trial and the brief filed by her counsel. We have also reviewed the transcript of the *Pitchess* motion hearing, can find no flaw in the court's actions in that hearing, and find ourselves in agreement with appellate counsel: There is no arguable error in the proceedings against appellant. (*People v. Wende* (1979) 25 Cal.3d 436.)

2

FACTS

Logan Vescio was involved in a midnight accident on the 57 freeway that left his car badly damaged, but him unhurt. He called 911 and awaited help, along with his passenger Cameron Cook. A few minutes later, he decided to reenter what was left of his car to activate the hazard lights, in an attempt to make it more visible. While he was attempting that, appellant's car crashed into his at high speed, injuring him and knocking the car into Mr. Cook, who died from the resultant injuries. An expert testified appellant's blood alcohol level was probably .20 at the time she drove into Mr. Vescio's car.

DISCUSSION

We have carefully scrutinized the trial record. The case was unremarkable in its facts and without any flaws that would have formed the basis of a convincing defense. The jury was unable to arrive at a verdict on Count 1, probably reflecting difficulty on the element of gross negligence (defense presented a witness who said he almost hit the car and he had not been drinking). That was the thrust of the closing argument by defense counsel, and it was successful: the jury did not convict of the vehicular manslaughter with gross negligence charge.

The court made a questionable ruling on a prosecution objection during the defense closing argument, but reviewed the record at sidebar and reversed himself. The jury was instructed the ruling was in error and the objection had been overruled. The problem could hardly have been handled better.

We were concerned there might have been error in the sentencing, since counsel's brief informed us appellant was sentenced to two years concurrent for the Vehicle Code section 23153, subdivision (a) violation – which would have violated Penal Code section 654. (*People v. Miranda* (1994) 21 Cal.App.4th 1464.) But in point of fact, the trial court also saw this problem and stayed that sentence pursuant to Penal Code section 654. The abstract of judgment is simply in error in showing that sentence as

3

being concurrent; it was stayed pursuant to Penal Code section 654, and we order it corrected to conform to the court's sentencing.

Other than that, we see nothing to change. The trial presented no rulings or problems beyond those encountered in every such trial. We found no evidentiary mistakes or instructional error. Viewing the evidence in the light most favorable to the verdict, as we are required to do (*People v. Young* (2005) 34 Cal.4th 1149, 1180), there was plenty here that was reasonable, credible, and of solid value to support a verdict beyond a reasonable doubt. (*People v. Johnson* (1980) 26 Cal.3d 557, 578.)

DISPOSITION

Appellate counsel was right: there are no issues on appeal. The abstract of judgment is ordered corrected to delete the concurrent sentence; otherwise, the judgment is affirmed.

BEDSWORTH, J.

WE CONCUR:

O'LEARY, P. J.

RYLAARSDAM, J.

4