Filed 9/18/14  P. v. Escalera CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ELIAS ESCALERA, SR.,<br><br>    Defendant and Appellant. | B251439<br><br>(Los Angeles County<br>Super. Ct. No. PA072880) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hayden Zacky, Judge.  Reversed in part with directions; otherwise affirmed.

Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Steven D. Matthews and David E. Madeo, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

A jury found defendant and appellant Elias Escalera, Sr., guilty of gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a)). He was also convicted of driving under the influence of alcohol, causing injury (Veh. Code, § 23153, subd. (a),[1] hereafter section 23153(a)) and of driving with a 0.08 percent or higher blood alcohol level causing injury (§ 23153, subd. (b), hereafter section 23153(b)). Because the section 23153(a) and section 23153(b) offenses are necessarily lesser included offenses of gross vehicular manslaughter, we reverse the conviction of those counts.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Factual background.[2]

On March 3, 2012, Dalia Rizo, Enrique Reyes (Dalia's husband), Juan Reyes (Enrique's 15-year-old brother), and Eusebia Pedrosa de Reyes (Enrique's and Juan's mother) were driving home in Enrique's car.[3] The car stalled on the 405 Freeway, so Enrique put on the emergency lights and pulled into the emergency lane on the right side of the freeway. Enrique and Juan got out of the car. Eusebia remained in the back seat. Dalia sat in the front.

Escalera, who had been drinking beer that day, was driving his white Suburban on the 405 Freeway. Witnesses saw him driving erratically before he veered off the road and crashed into the Reyes's car, killing Eusebia and injuring Enrique, Dalia, and Juan.

At the scene, an officer smelled alcohol on Escalera's breath and noticed that he had nystagmus in both eyes, which were red and glossy. His speech was slurred and thick. Escalera said he'd consumed 12-ounce cans of beer. A preliminary alcohol screening test showed a blood alcohol content of .23. A second test was .24. His blood was drawn at the hospital, and his blood alcohol concentration was .25 percent.

---

[1] All further undesignated statutory references are to the Vehicle Code.

[2] Because the issues on appeal concern a discrete legal issue, we state the factual background in brief.

[3] We use first names to avoid confusion.

## II.    Procedural background.

A jury, on August 15, 2013, found defendant guilty of:  count 1, murder (Pen. Code, § 187, subd. (a)); count 2, driving under the influence of alcohol, causing injury (§ 23153(a)); count 3, driving with a 0.08 percent or higher blood alcohol level causing injury (§ 23153(b)); and count 5, gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a)).  As to counts 2, 3, and 5, the jury found true personal infliction of great bodily injury allegations (Pen. Code, § 12022.7, subd. (a)).  As to count 5, the jury found true two prior conviction allegations (Pen. Code, § 191.5, subd. (d)).

On September 16, 2013, defendant was sentenced, on count 1, to 15 years to life in prison.  On count 5, he was sentenced to 15 years to life plus 9 years for the great bodily injury enhancements.  As to counts 2 and 3, the court imposed three years for each of the counts plus three separate 3-year sentences (Pen. Code, § 12022.7).  The sentences on counts 2, 3, and 5 were imposed but stayed under Penal Code section 654.

## DISCUSSION

## I.    The convictions on counts 2 and 3 must be reversed because they are necessarily included offenses of count 5.

Escalera contends that his count 2 conviction for driving under the influence causing injury (§ 23153(a)) and count 3 conviction for driving under the influence with a blood alcohol level of 0.08 percent or higher causing injury (§ 23153(b)) must be reversed because they are necessarily lesser included offenses of his conviction of count 5 for gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a)).  We agree.

A defendant may not be convicted of both an offense and a necessarily lesser included offense.  (*People v. Montoya* (2004) 33 Cal.4th 1031, 1034.)  A lesser offense is necessarily included in a greater offense if the statutory elements of the greater offense include all the statutory elements of the lesser offense, so that the greater cannot be committed without also committing the lesser.  (*Ibid.*; *People v. Reed* (2006) 38 Cal.4th 1224, 1227-1228; *People v. Binkerd*  (2007) 155 Cal.App.4th 1143, 1147 (*Binkerd*); *People v. Miranda* (1994) 21 Cal.App.4th 1464, 1467.)  "When a defendant is found

3

guilty of both a greater and a necessarily lesser included offense arising out of the same act or course of conduct, and the evidence supports the verdict on the greater offense, that conviction is controlling, and the conviction of the lesser offense must be reversed. [Citations.]" (*People v. Sanders* (2012) 55 Cal.4th 731, 736.)

Escalera was convicted of count 5, gross vehicular manslaughter while intoxicated. "Gross vehicular manslaughter while intoxicated is the unlawful killing of a human being without malice aforethought, in the driving of a vehicle, where the driving was in violation of [s]ection 23140, 23152, or 23153 of the Vehicle Code, and the killing was either the proximate result of the commission of an unlawful act, not amounting to a felony, and with gross negligence, or the proximate result of the commission of a lawful act that might produce death, in an unlawful manner, and with gross negligence." (Pen. Code, § 191.5, subd. (a).)

Escalera was also convicted of count 2, driving under influence in violation of section 23153(a): "It is unlawful for a person, while under the influence of any alcoholic beverage to drive a vehicle and concurrently do any act forbidden by law, or neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver."

He was also convicted of count 3, driving with a 0.08 or more blood alcohol in violation of section 23153(b): "It is unlawful for a person, while having 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle and concurrently do any act forbidden by law, or neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver."

A violation of section 23153—either subdivision (a) or subdivision (b)—is a part of the definition of vehicular manslaughter in Penal Code section 191.5, subdivision (a). It is therefore "apparent that Vehicle Code section 23153, subdivision (a) is necessarily included in Penal Code section 191.5. One person who injures a person while driving under the influence commits a violation of Vehicle Code section 23153; and if that person dies from that injury—whether immediately or sometime later—a violation of

4

Penal Code section 191.5 has occurred." (*People v. Miranda, supra,* 21 Cal.App.4th at p. 1468; see *Binkerd, supra,* 155 Cal.App.4th at pp. 1148-1150.)

Respondent concedes that section 23153(a) is a necessarily included offense of Penal Code section 191.5, subdivision (a), but does not concede that section 23153(b)—driving with 0.08 percent blood alcohol—is a necessarily included offense. Respondent argues that because Penal Code section 191.5, subdivision (a) can be violated by violating section 23140 alone,[4] section 23153(b) is not a necessarily included offense.

*Binkerd* rejected this argument. (*Binkerd, supra*, 155 Cal.App.4th at pp. 1148-1149.) *Binkerd* noted that Penal Code section 191.5, subdivision (a) "is written in the disjunctive. The statute is violated if one drives a vehicle in violation of *either* Vehicle Code section[] 23140, 23152, *or* 23153. The statute does not provide that one has to violate all three sections of the Vehicle Code to commit the offense of vehicular manslaughter." (*Binkerd*, at p. 1149.) "In cases where one victim dies from an alcohol-related accident due to a violation of Vehicle Code section[] 23140, 23152, or 23153, the Vehicle Code violation would always be a lesser included offense of [the vehicular manslaughter statute]." (*Ibid.*)

We agree with *Binkerd*. A person who injures someone while driving with 0.08 percent blood alcohol violates section 23153, and if the victim dies, a violation of Penal Code section 191.5 has occurred. The lesser offense—causing injury while driving with 0.08 percent blood alcohol—is necessarily included in the greater offense of gross vehicular manslaughter while intoxicated.

Escalera's convictions of counts 2 and 3 are reversed and the true findings on the great bodily injury enhancements attached to them are stricken.

---

**4**    Section 23140 makes it illegal for a person under 21 to drive a vehicle with 0.05 percent blood alcohol. The People therefore argue that a person under 21 who drives with 0.05 percent blood alcohol and causes a death can be found in violation of Penal Code section 191.5, subdivision (a) without also violating section 23153(b), which requires a person to have a 0.08 percent blood alcohol.

**II.    Modification of the court operations fee and criminal assessment.**

Penal Code section 1465.8, subdivision (a)(1), provides that a $40 fee shall be imposed on every conviction of a criminal offense (a court operations fee).  Government Code section 70373, subdivision (a)(1), provides that a $30 assessment shall be imposed on every conviction of a criminal offense.  Under those sections, the trial court imposed an $160 court operations fee and an $120 assessment.  Because we reverse the convictions on counts 2 and 3, the fee must be reduced to $80 and the assessment must be reduced to $60.

## DISPOSITION

Defendant and appellant Elias Escalera, Sr.'s convictions of counts 2 and 3 are reversed.  The court operations fee under Penal Code section 1465.8, subdivision (a)(1), is reduced to $80, and the criminal conviction assessment under Government Code section 70373, subdivision (a)(1), is reduced to $60.  The Clerk of the Superior Court is directed to prepare a corrected abstract of judgment and to forward the corrected abstract to the Department of Corrections.  The judgment is otherwise affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

ALDRICH, J.

We concur:

KLEIN, P. J.

KITCHING, J.

7