Filed 4/6/16  P. v. Moore CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D067559 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCS269906) |
| KEVIN MOORE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Affirmed in part; reversed in part.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Peter Quon, Jr., Randall D. Einhorn and Stacy A. Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

## I.

## INTRODUCTION

A jury found Kevin Moore guilty of gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subds. (a), (c)(1))[1] (count 1) and driving under the influence of drugs causing injury (Veh. Code, § 23153, subd. (e)) (count 2). With respect to count 2, the jury found true the special allegation that Moore personally inflicted great bodily injury upon the victim, a person 70 years of age or older (§ 12022.7, subd. (c)). In a bifurcated trial, the court found true that Moore had suffered four prison priors (§ 667.5, subd. (b)). The court sentenced Moore to a total aggregate term of 14 years on count 1, consisting of the upper term of 10 years on the substantive offense and a total of 4 years for the 4 prison priors. The court stayed execution of the sentence on count 2 pursuant to section 654.

On appeal, Moore claims that his conviction on count 2 for driving under the influence of drugs causing injury (Veh. Code, § 23153, subd. (e)) should be reversed because it is a lesser included offense of count 1, gross vehicular manslaughter while intoxicated (§ 191.5, subds. (a), (c)(1)), and a defendant may not be convicted of both a greater and lesser included offense. The People concede the error and request that we reverse the conviction on count 2 and strike the enhancement attached to that count. We accept the People's concession and reverse the conviction on count 2 for

---

[1]     Unless otherwise specified, all subsequent statutory references are to the Penal Code.

driving under the influence of drugs causing injury (Veh. Code, § 23153, subd. (e))

and strike the enhancement (§ 12022.7, subd. (c)) attached to that count.

## II.

## FACTUAL BACKGROUND

While under the influence of cocaine, Moore drove his vehicle onto a sidewalk.

Moore's vehicle struck and killed 89-year-old victim Tomas Macaraeg Mondares.[2]

## III.

## DISCUSSION

*Moore's conviction on count 2 must be reversed*
*because it is a lesser included offense to count 1*

Moore claims that his conviction on count 2 for driving under the influence of

drugs causing injury (Veh. Code, § 23153, subd. (e)) should be reversed because it is a

lesser included offense of count 1, gross vehicular manslaughter while intoxicated

(§ 191.5, subds. (a), (c)(1)).  Moore's claim raises a pure "legal question."  (*People v.*

*Ramirez* (2009) 45 Cal.4th 980, 983, fn. 3 (*Ramirez*) [whether an offense is a

necessarily included offense of another is a "legal question"].)  Accordingly, we apply

a de novo standard of review.  (See, e.g., *People v. Butler* (2003) 31 Cal.4th 1119,

1127.)

---

[2]     We provide an abbreviated summary of the facts of the underlying offenses
because they are not relevant to Moore's claim on appeal.

A.    *Governing law*

"In California, a single act or course of conduct can lead to convictions 'of any number of the offenses charged.' [Citations.] However, a judicially created exception to this rule prohibits multiple convictions based on necessarily included offenses." (*Ramirez*, *supra*, 45 Cal.4th at p. 984.) In applying the bar against multiple convictions for necessarily included offenses, a court must "inquire whether all the statutory elements of the lesser offense are included within those of the greater offense. In other words, if a crime cannot be committed without also committing a lesser offense, the latter is a necessarily included offense." (*Id.* at p. 985.)

Section 191.5 provides in relevant part:

> "(a) Gross vehicular manslaughter while intoxicated is the unlawful killing of a human being without malice aforethought, in the driving of a vehicle, where the driving was in violation of Section 23140, 23152, or 23153 of the Vehicle Code, and the killing was either the proximate result of the commission of an unlawful act, not amounting to a felony, and with gross negligence, or the proximate result of the commission of a lawful act that might produce death, in an unlawful manner, and with gross negligence.
>
> "[¶] . . . [¶]
>
> "(c)(1) . . . [G]ross vehicular manslaughter while intoxicated in violation of subdivision (a) is punishable by imprisonment in the state prison for 4, 6, or 10 years."

Vehicle Code section 23153, subdivision (e) provides:

> "It is unlawful for a person, while under the influence of any drug, to drive a vehicle and concurrently do any act forbidden by law, or neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver."

4

In *People v. Miranda* (1994) 21 Cal.App.4th 1464, 1468 (*Miranda*), the court concluded that Vehicle Code section 23153 is a necessarily included offense of former section 191.5, subdivision (a). At the time *Miranda* was decided, former section 191.5, subdivision (a) required that the People prove, among other elements, that the defendant violated either Vehicle Code section 23152 or Vehicle Code section 23153.[3] The *Miranda* court rejected the People's argument that Vehicle Code section 23153 was not a necessarily included offense of former section 191.5, subdivision (a) because one could commit a violation of former section 191.5, subdivision (a) without necessarily violating Vehicle Code section 23153—such as, by violating Vehicle Code section 23152. Without specifically referring to Vehicle Code section 23152, the *Miranda* court rejected this argument, reasoning:

> "One person who injures a person while driving under the influence commits a violation of Vehicle Code section 23153; and if that person dies from that injury—whether immediately or sometime later—a violation of Penal Code section 191.5 has occurred. The People do not suggest how a victim could be killed by a moving vehicle and not incur injury in the process. We cannot envision such a scenario, nor is one created by a hypertechnical reading of Penal Code section 191.5. Appellant's

---

3       The *Miranda* court quoted former section 191.5, subdivision (a) as prohibiting " 'the unlawful killing of a human being without malice aforethought, in the driving of a vehicle, where the driving was in violation of Section 23152 or 23153 of the Vehicle Code, and the killing was either the proximate result of the commission of an unlawful act, not amounting to a felony, and with gross negligence, or the proximate result of the commission of a lawful act which might produce death, in an unlawful manner, and with gross negligence.' " (*Miranda*, *supra*, 21 Cal.App.4th at p. 1468.)

conviction of violating Vehicle Code section 23153, subdivision (a) cannot stand."[4] (*Miranda*, *supra*, 21 Cal.App.4th at p. 1468.)

The Legislature has since amended section 191.5 to provide that a violation of section 191.5, subdivision (a) may also be predicated on a violation of Vehicle Code section 23140, which prohibits minors from driving with a blood alcohol content of 0.05 percent or more. Thus, it now appears to be possible for a *minor* to violate section 191.5 without violating Vehicle Code section 23153 in those cases in which the violation of section 191.5, subdivision (a) is predicated upon a violation of Vehicle Code section 23140.

In *People v. Binkerd* (2007) 155 Cal.App.4th 1143 (*Binkerd*), the court relied on *Miranda* in concluding that Vehicle Code section 23153 is a necessarily included offense of former section 192, subdivision (c), which required that the defendant commit a "violation of Section[s] 23140, 23152, or 23153 of the Vehicle Code . . . ." (*Binkerd*, *supra*, 155 Cal.App.4th at p. 1147, quoting former § 192, subd. (c).)[5] The

---

[4] Although not clearly stated in the opinion, the *Miranda* court may have intended to conclude that any defendant who violates former section 191.5, subdivision (a) and Vehicle Code section 23152, will also have violated Vehicle Code section 23153, in light of the requirement in section 191.5 that "the killing was either the proximate result of the commission of an unlawful act, not amounting to a felony, and with gross negligence, or the proximate result of the commission of a lawful act which might produce death, in an unlawful manner, and with gross negligence." (*Miranda*, *supra*, 21 Cal.App.4th at p. 1468.)

[5] Former section 192, subdivision (c), which defined the crime of vehicular manslaughter while intoxicated without gross negligence, is now codified in section 191.5, subdivision (b). (*Binkerd*, *supra*, at p. 1146, fn. 1.) As noted in the text, section 191.5, subdivision (a) defines the crime of vehicular manslaughter while intoxicated with gross negligence, commonly referred to as gross vehicular manslaughter while intoxicated.

*Binkerd* court specifically rejected the People's argument that Vehicle Code section 23153 is not a necessarily included offense of section 192, subdivision (c)(3) because a violation of section 192 may be predicated upon the violation of Vehicle Code section 23140. (*Binkerd*, *supra*, at p. 1148.) The *Binkerd* court noted that the defendant in that case "was over the age of 21 at the time and could not be charged with violating Vehicle Code section 23140." (*Id.* at p. 1149.)[6]

B.     *Application*

Under *Miranda* and *Binkerd*, driving under the influence of drugs causing injury (Veh. Code, § 23153, subd. (e)) is a lesser included offense of gross vehicular manslaughter while intoxicated (§ 191.5, subds. (a), (c)(1)). The People cite *Miranda* in their brief,[7] and concede that a violation of Vehicle Code section 23153, subdivision (e) is a necessarily included offense of section 191.5, subdivision (a).

In light of this concession, we assume that *Miranda* and *Binkerd* were correctly decided, and that Vehicle Code section 23153, subdivision (e) is a necessarily included offense of section 191.5, subdivision (a). Accordingly, we conclude that Moore's conviction on count 2 for driving under the influence of drugs causing injury (Veh. Code, § 23153, subd. (e)) must be reversed because it is a lesser included offense of count 1, gross vehicular manslaughter while intoxicated (§ 191.5, subds. (a), (c)(1)). (See *People v. Moran* (1970) 1 Cal.3d 755, 763 [where defendant is convicted of a

---

6     In this case, the record indicates that Moore was 57 years old at the time of the offense.

7     Moore cited both *Miranda* and *Binkerd* in his opening brief.

7

greater and lesser offense, "the conviction of the lesser offense must be reversed"].)

We must also strike the enhancement for personally inflicting great bodily injury on an elder (§ 12022.7, subd. (c)) attached to the reversed conviction. (See *Miranda*, *supra*, 21 Cal.App.4th at pp. 1468-1469 [striking enhancement of reversed conviction].)[8]

---

[8] In his reply brief, Moore notes that the trial court imposed a court operations assessment in the amount of $80, pursuant to section 1465.8, subdivision (a)(1), which authorizes the trial court to impose an assessment of $40 per count. Moore also notes that the court imposed a court facility assessment in the amount of $60, pursuant to Government Code section 70373, which authorizes the trial court to impose an assessment of $30 per count. Moore argues that a reversal on count 2 requires that we modify the court operations assessment (§ 1465.8, subd. (a)(1)) from $80 to $40, and the court facility assessment (Gov. Code, § 70373) from $60 to $30.

Ordinarily, we will not consider arguments raised for the first time in reply. (See *Shade Foods, Inc. v. Innovative Products Sales & Marketing, Inc.* (2000) 78 Cal.App.4th 847, 894, fn. 10.) However, in light of our reversal on count 2, a failure to modify the assessments would result in an unauthorized sentence. (See *People v. Hamed* (2013) 221 Cal.App.4th 928, 941 [improperly imposed assessments are unauthorized sentences that may be corrected on appeal].) Accordingly, we order the assessments modified as requested by Moore.

IV.

DISPOSITION

Moore's conviction on count 2 for driving under the influence of drugs causing injury (Veh. Code, § 23153, subd. (e)) is reversed and the enhancement attached to count 2 for personally inflicting great bodily injury on an elder (§ 12022.7, subd. (c)) is stricken.  The court operations assessment (§ 1465.8, subd. (a)(1)) is modified from $80 to $40, and the court facility assessment (Gov. Code, § 70373) is modified from $60 to $30.  In all other respects, the judgment is affirmed.


                                                                          AARON, J.

WE CONCUR:

HUFFMAN, Acting P. J.

HALLER, J.