Filed 8/26/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DEANNA LYNN BOWDEN, | |
| Petitioner, | |
| v. | A163592 |
| SUPERIOR COURT OF MARIN COUNTY, | (Marin County Super. Ct. No. SC209417A) |
| Respondent; | |
| THE PEOPLE, | |
| Real Party in Interest. | |

Pursuant to a negotiated plea bargain, petitioner Deanna Bowden pled guilty to a felony violation of Penal Code section 191.5, subdivision (b) (vehicular manslaughter while intoxicated but without gross negligence) and was placed on five years' probation. Following her plea and sentencing, Assembly Bill Number 1950 (2019–2020 Reg. Sess.) (Assem. Bill 1950) amended Penal Code sections 1203a and 1203.1 to limit probation to one year for most misdemeanors and to two years for most felonies. Petitioner contends that Assembly Bill 1950 limits the term of her probation to two years, and that the People and the trial court cannot retract their consent to the plea agreement. We agree.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was driving in Novato when she struck and killed a pedestrian in a marked crosswalk at 9:20 p.m. on May 30, 2019. Blood and breath samples taken at the scene indicated that petitioner had been driving under the influence of alcohol.

The Marin County District Attorney initially charged petitioner with three counts, but during petitioner's preliminary hearing, the parties informed the superior court that they had negotiated a plea bargain in which petitioner would plead guilty to a felony violation of Penal Code section 191.5, subdivision (b) (section 191.5(b))[1] in exchange for the prosecutor recommending a prison term of two years, the first year to be served in county jail and the second on mandatory supervision. The superior court advised petitioner of her rights, accepted her guilty plea, and dismissed all remaining charges.

At petitioner's sentencing hearing on February 4, 2020, the superior court informed the parties that it did not agree with the negotiated sentencing recommendation, which the court described as overly lenient in view of the severity of the crime. Under the proposed sentence, the court explained, petitioner could fulfill her prison term by serving a year in the county jail, reduced to six months with good conduct credit. With additional credits, her remaining probation term could similarly be reduced to six months. The court proposed instead placing petitioner on probation for five years, consisting of a full year in county jail followed by probation supervision for the remaining four years. The court believed this longer term of

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

2

supervision over petitioner would better ensure safety in the community. The parties agreed to these terms, and the court imposed them.

Less than a year later, on January 1, 2021, Assembly Bill 1950 took effect, amending section 1203.1 to restrict the length of many felony probation terms to two years. (Stats. 2020, ch. 328, § 2, eff. Jan. 1, 2021.) By written memorandum dated August 16, 2021, the Marin County Probation Department asked the superior court to determine whether petitioner was entitled to be released from probation under Assembly Bill 1950 after two years, rather than serving the originally imposed five years. The superior court held a hearing on September 1, 2021, and found that Assembly Bill 1950 did not limit petitioner's probation to two years. Petitioner then sought a writ of mandamus, asking this court to order the superior court to limit petitioner's probationary period to two years pursuant to Assembly Bill 1950. On January 6, 2022, we issued an order to show cause why the relief requested in the writ petition should not be granted.

## DISCUSSION

The parties do not dispute that when petitioner was placed on probation in February 2020, former section 1203.1 allowed the superior court to impose probation for five years. (Former § 1203.1, subd. (a).) Assembly Bill 1950 subsequently amended section 1203.1 to limit the probation term for felony offenses to two years, except in two circumstances. The first exception, for violent felonies, is not relevant here; the second exempts from the two-year limit any "offense that includes specific probation lengths within its provisions." (§ 1203.1, subd. (l)(1); Assem. Bill 1950, § 2.) The question in this case is whether section 191.5(b) should be treated as an offense that includes a five-year probation term within its provisions because the Vehicle Code expressly authorizes five years of probation for driving-under-the-

influence offenses that are lesser included offenses of section 191.5(b). (See Pen. Code, § 191.5; Veh. Code, §§ 23152, 23153, 23600.)

The People maintain, and the trial court concluded, that reading Assembly Bill 1950 to limit petitioner's probation term to two years would be an absurd result because then the lesser included offenses would carry longer probation terms than the greater offense, which the Legislature could not have intended. The People also contend that if Assembly Bill 1950 applies to shorten petitioner's probation term, the matter should be remanded to the superior court to allow the People or the court to withdraw agreement to the plea bargain.

For the reasons that follow, we agree with petitioner that Assembly Bill 1950 shortens her probation term to two years, and disagree with the People that remand is required to allow the plea agreement to be revisited.

## A. Petitioner's probation term is limited to two years under Assembly Bill 1950

As a preliminary matter, we consider whether the ameliorative amendatory provision of Assembly Bill 1950 applies retroactively to individuals such as petitioner who are currently serving a term of probation. We conclude, pursuant to *In re Estrada* (1965) 63 Cal.2d 740 (*Estrada*), that it does, and note that the People did not argue otherwise in their return to the order to show cause. Although petitioner was convicted before Assembly Bill 1950 became effective, she remains on probation so her case is not " 'final' " for purposes of retroactivity under *Estrada.* (See *People v. McKenzie* (2020) 9 Cal.5th 40, 46–47.) While we acknowledge that the retroactivity of Assembly Bill 1950 is currently under review by our Supreme Court in *People v. Prudholme* (Aug. 26, 2021, E076007) (nonpub. opn.), review granted November 1, 2021, S271057 (*Prudholme*), we agree with the many published opinions holding that the two-year felony probation limitation in Assembly

4

Bill 1950 is retroactive to probationers such as petitioner whose convictions are, in this manner, not yet final.  (See, e.g., *People v. Arreguin* (2022) 79 Cal.App.5th 787, 794; *People v. Butler* (2022) 75 Cal.App.5th 216, review granted June 1, 2022, S273773 (*Butler*); *People v. Scarano* (2022) 74 Cal.App.5th 993, review ordered on Court's own motion June 1, 2022, S273830 (*Scarano*); *People v. Lord* (2021) 64 Cal.App.5th 241, 246; *People v. Stewart* (2021) 62 Cal.App.5th 1065, 1074, review granted and cause transferred April 20, 2022, S268787 (*Stewart*)[2]; *People v. Sims* (2021) 59 Cal.App.5th 943, 955–964.)

We accordingly must decide whether the new two-year limit on felony probation applies to petitioner's conviction for section 191.5(b), or whether instead the exception for offenses that include specific probation lengths within their provisions allows for a five-year probation term.  The question is one of statutory interpretation, which we review de novo.  (See *People v. Tran* (2015) 61 Cal.4th 1160, 1166.)  In interpreting statutes, we begin with the statutory text, keeping in mind that the fundamental goal is to ascertain and carry out the intent of the Legislature.  (*People v. Cruz* (1996) 13 Cal.4th 764, 782.)  The words of a statute generally provide the most reliable indicator of legislative intent.  (*Diamond Multimedia Systems, Inc. v. Superior Court* (1999) 19 Cal.4th 1036, 1046–1047 (*Diamond Multimedia*).)  If there is no

---

[2]  The Supreme Court transferred *Stewart* back to the Court of Appeal with directions to vacate the decision and reconsider the cause in light of Senate Bill Number 483 (2021–2022 Reg. Sess.), stating that the decision "has no binding or precedential effect, and may be cited for potentially persuasive value only.  (Cal. Rules of Court, rule 8.1115(e)(3).)"  (*People v. Stewart* (2022) __ Cal.__ [292 Cal.Rptr.3d 570].)  The same is true of *People v. France* (2020) 58 Cal.App.5th 714, 723–730, cited *infra* at p. 13.  *Stewart* and *France* are cited in this opinion for their persuasive value only.

ambiguity in the text, we " 'presume the Legislature meant what it said and the plain meaning of the statute governs.' " (*Ibid.*)

We begin by examining petitioner's crime of conviction and related provisions of the Vehicle Code. Penal Code section 191.5(b) defines "[v]ehicular manslaughter while intoxicated" as, in pertinent part, "the unlawful killing of a human being without malice aforethought, in the driving of a vehicle, where the driving was in violation of Section 23140, 23152, or 23153 of the Vehicle Code," but without gross negligence. Putting to one side Vehicle Code section 23140 (a driving-under-the-influence offense that applies only to individuals under the age of 21), this definition means that one who violates section 191.5(b) necessarily violates Vehicle Code section 23152 (driving under the influence) and/or Vehicle Code section 23153 (driving under the influence causing bodily injury). And indeed, case law confirms that Vehicle Code sections 23152 and 23153 are lesser included offenses of Penal Code section 191.5(b). (See *People v. Miranda* (1994) 21 Cal.App.4th 1464, 1468.)

Penal Code section 191.5(b) does not contain a specific probation length within its provisions, nor do the People point us to any other statute that contains a specific probation length for a violation of section 191.5(b). However, the Vehicle Code mandates a three-to-five-year term for individuals placed on probation for violating Vehicle Code sections 23152 or 23153. Vehicle Code section 23600, subdivision (b) states in relevant part: "If any person is convicted of a violation of [Vehicle Code sections] 23152 or 23153 and is granted probation, the terms and conditions of probation shall include, but not be limited to, the following: [¶] (1) Notwithstanding Section 1203a of the Penal Code, a period of probation not less than three nor more than five

6

years . . . ." As is evident from reviewing Vehicle Code section 23600, it includes no mention of Penal Code section 191.5(b).

With these provisions in mind, we now consider Assembly Bill 1950's amendments to the Penal Code. New section 1203.1, subdivision (l) provides that "[t]he two-year probation limit in subdivision (a) shall not apply to: [¶] . . . an offense that includes specific probation lengths within its provisions." (§ 1203.1, subd. (l).) Given that there is no statute that specifies a particular probation length for a violation of section 191.5(b), a plain reading of the text of section 1203.1, subdivisions (a) and (l) leads us to conclude that Assembly Bill 1950 does indeed limit petitioner's probation term to two years. Nowhere in the new provisions of the Penal Code is there any suggestion that the two-year limitation on felony probation does not apply if lesser, or lesser included, crimes expressly provide for longer probation terms. Finding no ambiguity in the statutory text, we therefore conclude " 'the Legislature meant what it said,' " and the language of section 1203.1, subd. (l) governs. (*Diamond Multimedia*, *supra*, 19 Cal.4th at pp. 1046–1047; accord Couzens et. al., Sentencing California Crimes (The Rutter Group 2021) Appendix 8A [listing of crimes excluded from the two-year probation term limit due to specified probation lengths does not mention § 191.5(b)].)

Our conclusion that Assembly Bill 1950 applies to shorten Petitioner's probation term is consistent with the Legislature's intent in enacting Assembly Bill 1950. As discussed extensively in other decisions, Assembly Bill 1950 reflects the Legislature's "concern with the social and financial costs of the existing probation system—in particular, with probation as ' "a pipeline for re-entry into the carceral system" ' due to the large number of people incarcerated for violations of probation, most of which are ' " 'technical'

7

and minor in nature.' " (*Stewart, supra*, 62 Cal.App.5th at p. 1073 [citing cases].) Assembly Bill 1950 embodies the Legislature's "categorical determination that a shorter term of probation is sufficient for the purpose of rehabilitation." (*People v. Quinn* (2021) 59 Cal.App.5th 874, 885; see also *Stewart*, at p. 1073 [legislative analyses of Assem. Bill 1950 "address the apparent absence of need for longer probation periods with regard to rehabilitation"].) Although the Legislature exempts from the shorter probation periods those crimes for which it has expressly specified a longer period of probation, the Legislature nowhere suggests that courts should take it upon themselves to expand the list of exempted crimes as they see fit.

The People point out that we need "not follow the plain meaning of the statute if to do so ' "would inevitably [have frustrated] the manifest purposes of the legislation as a whole or lead to absurd results." ' " (Quoting *People v. Bellici* (1979) 24 Cal.3d 879, 884.) The People contend it defies common sense for Assembly Bill 1950 to limit to two years the probation period for an individual who drives while intoxicated and kills a person, while allowing probation up to five years for an individual who merely drives while intoxicated (or drives while intoxicated and causes bodily injury). There is some logic to the argument, but comparing the two-year maximum probation term for a felony violation of section 191.5(b) with the three-to-five-year probation term for a violation of Vehicle Code sections 23152 or 23153 is not an apples-to-apples comparison. The People's contention ignores the available alternative to probation: that a felony violation of section 191.5(b) is punishable by imprisonment "for 16 months or two or four years." (§ 191.5, subd. (c)(2).) This is a greater overall penalty than the penalty for a violation of Vehicle Code sections 23152 or 23153, despite those provisions carrying a longer probation term. (Compare Pen. Code, § 191.5(b) [maximum is four

8

years in state prison], with Veh. Code, § 23536 [maximum for first violation of Veh. Code, § 23152 is six months in county jail] and Veh. Code, § 23554 [maximum for first violation of Veh. Code, § 23153 is one year in county jail or three years in county jail or state prison (Pen. Code, § 18, subd. (a))].)

The People next offer a formalistic variant of their "common sense" argument. They contend that because Vehicle Code sections 23152 and 23153 are lesser included offenses of Penal Code section 191.5(b), the Legislature could not reasonably have intended to shorten petitioner's probation period because her conviction includes lesser offenses for which a three-to-five-year probation term is mandated. The People correctly assert that a conviction of a greater offense is also a conviction of the lesser offense, in the sense that a conviction of a greater offense requires the prosecution to prove all of the elements of the lesser offense. (*People v. Medina* (2007) 41 Cal.4th 685, 701 ["[A] lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser"].) As the People also recognize, however, a conviction of a greater offense and of a lesser offense cannot stand at the same time. (See *id.* at p. 701 [multiple convictions based on necessarily included offenses are prohibited].) Thus, in *People v. Vasquez* (2021) 63 Cal.App.5th 107 (*Vasquez*), partially superseded by Penal Code section 654 (as amended by Stats. 2021, ch. 441, § 1, effective Jan. 1, 2022), where a defendant was convicted of aggravated sexual assault of a minor and the lesser included offense of rape, the court had to vacate one of the convictions because the defendant could not stand convicted of both.

9

The People rely on *Vasquez*, although it is not helpful to their case. In *Vasquez*, the court vacated the greater offense because the lesser included offense carried a longer term due to various enhancements. (See *Vasquez*, *supra*, 63 Cal.App.5th at p. 115.) The case was an unusual application of section 654, which provided, at the time *Vasquez* was decided, that "[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment." (Former Pen. Code, § 654.) As between Penal Code section 191.5(b) and the lesser included Vehicle Code sections, this principle would have required Bowden to be sentenced under section 191.5(b).[3] Here, of course, petitioner was convicted only under Penal Code section 191.5(b), not under Vehicle Code sections 23152 or 23153. The People point us toward no authority, and we are aware of none, that would allow us to pick and choose among the punishments prescribed for a charged offense and a lesser included offense not charged.

We recognize that the greater offense in this case (Pen. Code, § 191.5(b)) carries a shorter probation term than the lesser included offenses (Veh. Code, §§ 23153 or 23152), but this outcome is neither absurd nor contrary to the Legislature's intent. The act of legislating is the act of line drawing, and the Legislature could reasonably have determined that it would exempt from the new two-year limit on felony probation those crimes for which it had specifically provided a longer probation term, but not other crimes even if they might normally be considered more serious, especially

---

[3] Following recent amendments to section 654, criminal conduct that violates multiple statutes "may be punished under either" statute "but in no case shall the act or omission be punished under more than one provision." (§ 654, subd. (a), as amended by Stats. 2021, ch. 441, § 1.)

where, as here, the greater offense carries a greater overall punishment than the lesser included offenses. *Vasquez* is an example of a case where conviction of the greater offense—there aggravated sexual assault of a minor—resulted in a shorter sentence than conviction of the lesser included offense as a result of the unequal application of sentence enhancements. (*Vasquez*, s*upra,* 63 Cal.App.5th at p. 115.) And *People v. Cook* (2015) 60 Cal.4th 922 is a case in which our high court confirmed and enforced the legislative directive that great bodily injury enhancements do "not apply to murder or manslaughter," even though that created the possibility that a defendant who merely injured another could face a longer potential prison term than one who killed. (*Id*. at pp. 935–938 [construing § 12022.7, subd. (g)].) " 'Prescribing punishment is the Legislature's domain, and we conclude the legislative proscription in [section 12022.7,] subdivision (g) means what it says,' " the Court explained. (*Cook,* at p. 933.) After all, no interpretation of the Legislature's penalty provision "is guaranteed to eliminate all possible anomalies." (*Id*. at p. 938.)[4]

We acknowledge the severity of this crime—a man was killed. We recognize that, in this particular case, petitioner will serve a probation term of two years, even though the trial court sentenced her to a five-year term,

---

[4] To the extent a shorter probation term for the more serious crime might be perceived as an anomaly in situations like the instant one, the Legislature remains free to specify a longer probation term for section 191.5(b)—or a shorter term for the lesser included Vehicle Code violations—if it so chooses. Also, any such anomaly appears more pronounced when a misdemeanor violation of section 191.5(b) is at issue. The misdemeanor is punishable by up to one year in the county jail (§ 191.5, subd. (c)(2)), and under Assembly Bill 1950 may be subject to a probation term of no more than one year. (See Assembly Bill 1950, § 1, amending Pen. Code, § 1203a.)

and that the five-year term would have been permissible had she been convicted of a lesser included offense.  But we are not free to disregard the plain terms of Assembly Bill 1950 when the Legislature intended to reduce probation terms for many felony offenses—including this felony offense—to two years.  We therefore hold that Assembly Bill 1950 shortens petitioner's probation term for felony violation of section 191.5(b) to two years.

### B. Remand is not required to allow the People or the trial court an opportunity to withdraw their consent to the plea agreement

The People next contend that if petitioner is entitled to relief, the matter should be remanded to the superior court to allow the People or the court to withdraw their agreement to the plea, should they so choose.  The People rely on *People v. Stamps* (2020) 9 Cal.5th 685, 706–708 (*Stamps*), which concluded that a defendant whose sentence included an enhancement for a serious felony conviction was entitled under Senate Bill Number 1393 (2017–2018 Reg. Sess.) to have his case remanded to the trial court so the court could consider whether to exercise its newly-conferred discretion and strike the enhancement in the interests of justice.  However, if the trial court decided to strike the enhancement in a case where it had been stipulated to in a negotiated plea, *Stamps* held that the People or the trial court could withdraw approval of that plea agreement.  (*Stamps,* at pp. 707–708.)  Petitioner, for her part, denies that the People or the trial court may withdraw from the plea agreement, distinguishing *Stamps* as involving a trial court's exercise of discretion, whereas here the Legislature directs that the shorter probationary term must apply.

There is a split among the appellate courts on precisely this issue.  Some cases have held that a reviewing court must remand to allow the trial court and the prosecution the opportunity to withdraw from the original plea agreement.  (See, e.g., *Scarano, supra,* 74 Cal.App.5th 993; *Prudholme*,

*supra*, S271057.)  Another group of cases holds the opposite—that the Legislature did not intend for the prosecution or the trial court to be permitted to withdraw their approval from a plea agreement modified by Assembly Bill 1950. (See, e.g., *Stewart, supra*, 62 Cal.App.5th at pp. 1074–1079; *Butler, supra*, 22 Cal.App.5th at pp. 221–225; *People v. Flores* (2022) 77 Cal.App.5th 420, review granted June 22, 2022, S274561; *People v. Shelly* (2022) 81 Cal.App.5th 181, 185–198.)

The question of the proper remedy in these kinds of cases is currently before our Supreme Court in *Prudholme, supra,* S271057.  For now, it suffices to say that we agree with the cases that hold that the Legislature did not intend for the prosecution or the trial court to be permitted to withdraw their approval from a plea agreement modified by Assembly Bill 1950.  (See, e.g., *People v. Shelly, supra,* 81 Cal.App.5th at pp.181–198; see generally *People v. France* (2020) 58 Cal.App.5th 714, 723–730.)  Allowing the People or the court to withdraw their agreement to a plea bargain would undermine the Legislature's goal in enacting Assembly Bill 1950, since it would effectively give the prosecution a veto over whether to reduce probation terms in the large number of cases that were resolved by plea.  (See *In re Chavez* (2003) 30 Cal.4th 643, 654, fn. 5 [pleas resolve "the vast majority of felony and misdemeanor dispositions in criminal cases"]; *Harris v. Superior Court* (2016) 1 Cal.5th 984, 992 [Proposition 47's resentencing process "would often prove meaningless if the prosecution could respond to a successful resentencing petition by withdrawing from an underlying plea agreement and reinstating the original charges filed against the petitioner"].)  *Stamps* does not require that result since, unlike the ameliorative provision at issue in *Stamps*, Assembly Bill 1950 does not authorize trial courts unilaterally to modify an agreed-upon sentence, which is the practice the *Stamps* court found

problematic.  (*Stamps*, *supra*, 9 Cal.5th at p. 701.)  Instead, Assembly Bill 1950 shortens a defendant's probation term automatically.  And the shorter term does not substantially deprive the People of the benefit of their bargain, as where the application of an ameliorative amendatory statutory provision totally relieves a defendant from her vulnerability to sentence.  (Cf. *People v. Collins* (1978) 21 Cal.3d 208.)

We thus conclude that when the Legislature decided to shorten the probation term of a defendant who had pled guilty to her crime, it did not empower the People or the court to unwind that plea.

## DISPOSITION

Let a peremptory writ of mandate issue directing respondent superior court to vacate its September 1, 2021 order declining to apply Assembly Bill 1950 to petitioner's case, and to issue a new and different order recognizing that Assembly Bill 1950 has reduced petitioner's probation term to two years.

TUCHER, P.J.

WE CONCUR:

FUJISAKI, J.
PETROU, J.

*Bowden v. Superior Court* (A163592)

14

Trial Court:        Marin County Superior Court

Trial Judge:       Hon. Paul M. Haakenson

Counsel:           Burglin Law Offices, Paul Burglin for Petitioner and Appellant

Rob Bonta, Attorney General of California, Lance W. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Deputy Attorney General, Eric D. Share, Supervising Deputy Attorney General, and John H. Deist, Deputy Attorney General for Real Party in Interest