Filed 9/18/23  P. v. Ingram CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LATISHA CHERMIE INGRAM,<br><br>    Defendant and Appellant. | D081166<br><br><br>(Super. Ct. No. SCD282331) |

APPEAL from a judgment of the Superior Court of San Diego County, Peter C. Deddeh, Judge.  Reversed in part and remanded with directions.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski, Laura G. Baggett, and Namita Patel, Deputy Attorneys General, for Plaintiff and Respondent.

### MEMORANDUM OPINION

A jury convicted Latisha Chermie Ingram of murder (Pen. Code, § 187, subd. (a); count 1); gross vehicular manslaughter while intoxicated (Pen.

Code, § 191.5, subd. (a); count 2); driving while under the influence of alcohol causing bodily injury (Veh. Code, § 23153, subd. (a); count 3); driving with a blood alcohol level of 0.08 percent or more causing bodily injury (Veh. Code, § 23153, subd. (a); count 4); and hit and run with death or permanent injury (Veh. Code, § 20001, subd. (b)(2); count 5). The jury also found true various enhancements as to counts 2, 3, and 4. The trial court sentenced Ingram to prison for 15 years to life on count 1 and stayed the sentences for the remaining counts.

On appeal, Ingram contends that counts 3 and 4 are lesser necessarily included offenses of count 2 that must be reversed. She also contends her counsel provided prejudicially ineffective assistance by failing to raise that argument at trial. Respondent agrees that counts 3 and 4 are lesser included offenses of count 2 and asks that we remand for the trial court to dismiss those counts.

We resolve this case by memorandum opinion pursuant to the California Standards for the Appellate Courts, section 8.1.

Penal Code section 954 permits an accusatory pleading to charge different statements of the same offense. Penal Code section 654, however, prohibits multiple punishments for more than one conviction for the same criminal act. Thus, a conviction of a greater offense and one or more lesser included offenses cannot stand simultaneously. (*Rutledge v. United States* (1996) 517 U.S. 292, 307.) A crime is a lesser included offense of a greater offense if one cannot commit the greater offense without also necessarily committing the lesser offense. (*People v. Lopez* (1998) 19 Cal.4th 282, 288.)

Here, the parties concur that gross vehicular manslaughter while intoxicated (count 2) necessarily includes the offenses of driving under the influence of alcohol causing bodily injury (count 3) and driving with a blood

2

alcohol level of 0.08 percent or more causing bodily injury (count 4) where, as here, each offense involves the same victim. We agree. By its express terms, Penal Code section 191.5 applies "where the driving was in violation of Section . . . 23153 of the Vehicle Code." (Pen. Code, § 191.5, subds. (a) & (b).) In other words, "[o]ne person who injures a person while driving under the influence commits a violation of Vehicle Code section 23153; and if that person dies from that injury—whether immediately or sometime later—a violation of Penal Code section 191.5 has occurred." (*People v. Miranda* (1994) 21 Cal.App.4th 1464, 1468.)

We thus conclude counts 3 (driving under the influence of alcohol causing bodily injury) and 4 (driving with a blood alcohol level of 0.08 percent or more causing bodily injury) are lesser necessarily included offenses of count 2 (gross vehicular manslaughter while intoxicated) that cannot stand. Given this conclusion, we need not address Ingram's claim of ineffective assistance of counsel.

## DISPOSITION

We reverse Ingram's convictions for counts 3 and 4, and remand to the trial court with directions to dismiss the convictions for counts 3 and 4 and issue an amended abstract of judgment consistent with this opinion and forward a copy to the California Department of Corrections and Rehabilitation.  In all other respects, we affirm the judgment.

CASTILLO, J.

WE CONCUR:


McCONNELL, P. J.


HUFFMAN, J.

4