Filed 6/20/24

CERTIFIED FOR PUBLICATION


COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PETER J. MENO,<br><br>    Defendant and Appellant. | D081878<br><br><br>(Super. Ct. No. SCD288239) |


APPEAL from a judgment of the Superior Court of San Diego County, Evan P. Kirvin, Judge.  Affirmed as modified, with directions.

Laura Vavakin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, A. Natasha Cortina and Elizabeth M. Renner, Deputy Attorneys General, for Plaintiff and Respondent.

**INTRODUCTION**

A jury convicted Peter J. Meno of two counts each of vehicular manslaughter while intoxicated with ordinary negligence (counts 1 and 2;

Pen. Code § 191.5, subd. (b)),[1] one count of driving under the influence of alcohol (DUI) causing bodily injury (counts 3; Veh. Code § 23153, subd. (a)), and one count of driving with a blood alcohol content (BAC) of 0.08 percent or more causing injury (counts 4; Veh. Code § 23153, subd. (b)). The jury also found true several associated allegations, including that Meno inflicted great bodily injury upon two separate victims as to each of counts 3 and 4. At sentencing, the trial court found that the convictions on counts 3 and 4 were necessarily included offenses of counts 1 and 2. However, due to the associated enhancements, the potential sentence for counts 3 and 4 was greater than that for counts 1 and 2.

After hearing argument from the parties, the trial court concluded that it had discretion to dismiss either counts 1 and 2 *or* counts 3 and 4 and that it was in the interest of justice to dismiss counts 1 and 2. The court imposed the two-year middle term on count 3, with an additional three years for each of the two great bodily injury enhancements, and stayed the punishment for count 4, for a combined term of eight years in prison. Meno asserts this was error and that the trial court was required to sentence him under the more serious, or greater, convictions in counts 1 and 2. He asserts further that, even if the trial court did not err by sentencing him on counts 3 and 4, it was required to stay the second great bodily injury enhancement along with the stay of punishment for count 4. We disagree and affirm the judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Since the present appeal is limited to issues related to sentencing, it is not necessary to describe the underlying accident in detail. Suffice to say,

---

[1]     All further unspecified statutory references are to the Penal Code.

Meno was driving under the influence of alcohol at a high rate of speed and hit a curb and then a tree. Two passengers in his vehicle died as a result.

The People charged Meno with two counts—one as to each victim—of gross vehicular manslaughter while intoxicated in violation of section 191.5, subdivision (a) (counts 1 and 2); one count of DUI causing injury in violation of Vehicle Code section 23153, subdivision (a) (counts 3); one count of driving with a BAC of 0.08 percent or more causing injury in violation of Vehicle Code section 23153, subdivision (b) (counts 4); one count of driving under the influence of alcohol/drugs causing injury in violation of Vehicle Code section 23153, subdivision (g) (count 5);[2] and one count of driving with a suspended license in violation of Vehicle Code section 14601.1, subdivision (a) (count 6). The amended information included special allegations, among others, that Meno personally inflicted great bodily injury as to the deceased victim named in each of counts 1 and 2, and as to each of the two victims in counts 3 and 4.

At the conclusion of evidence, the jury acquitted Meno of the charged offenses in counts 1 and 2, but found him guilty of the lesser included offenses of vehicular manslaughter while intoxicated with ordinary negligence under section 191.5, subdivision (b). In addition, the jury found true allegations that Meno was driving at an unsafe speed for the conditions and that he personally inflicted great bodily injury in violation of section 1192.7, subdivision (c)(8).[3]

---

[2] The trial court subsequently dismissed count 5, violation of Vehicle Code section 23153, subdivision (g).

[3] Section 1192.7, subdivision (c)(8) defines " 'serious felony' " to include: "any felony in which the defendant personally inflicts great bodily injury on any person, other than an accomplice."

As to counts 3 and 4, the jury found Meno guilty of DUI causing injury and driving with a BAC of 0.08 percent or more causing injury in violation of Vehicle Code section 23153, subdivisions (a) and (b), respectively. The jury also found true allegations that Meno was driving at an unsafe speed for the conditions pursuant to Vehicle Code section 22350, that he violated his duty to exercise ordinary care and proper control of the vehicle, and that he personally inflicted great bodily injury on each of the two victims in violation of sections 12022.7, subdivision (a)[4] and 1192.7, subdivision (c)(8). Finally, as to count 6, the jury found Meno guilty of driving with a suspended license in violation of vehicle code section 14601.1, subdivision (a).

In their sentencing brief, the People acknowledged that DUI causing injury was a "lesser" included offense to vehicular manslaughter while intoxicated, with either gross or ordinary negligence, and that the convictions for both could not stand simultaneously. The People asked the trial court to vacate counts 1 and 2 and sentence Meno under counts 3 and 4, despite counts 3 and 4 being the necessarily included offenses, because counts 3 and 4 carried a longer potential sentence. Meno asserted that the trial court did not have such discretion and had to vacate the convictions in counts 3 and 4, as well as the attached great bodily injury enhancements.

The trial court agreed with the People. It found that it had discretion to dismiss either counts 1 and 2 or counts 3 and 4. It chose to dismiss counts 1 and 2 in the interest of justice. The court imposed the middle term of two years on count 3, with an additional term of three years for each of the two great bodily injury enhancements. The court stayed the punishment for

---

[4] Sections 12022.7, subdivision (a) provides an additional three year term for "[a]ny person who personally inflicts great bodily injury on any person other than an accomplice in the commission of a felony."

4

count 4 and imposed a concurrent sentence of 180 days on count 6, for a combined term of eight years in prison.

Meno filed a timely notice of appeal.

## DISCUSSION

## I.   The Trial Court Did Not Err by Dismissing Counts 1 and 2

A defendant may be charged with—and in some cases convicted of—multiple crimes arising out of the same conduct.  (§§ 654, 954; *People v. Reed* (2006) 38 Cal.4th 1224, 1226−1227 (*Reed*).)  "Section 954 generally permits multiple conviction[s].  Section 654 is its counterpart concerning punishment. It prohibits multiple punishment for the same 'act or omission.'  When section 954 permits multiple conviction[s], but section 654 prohibits multiple punishment[s], the trial court must stay execution of sentence on the convictions for which multiple punishment is prohibited."  (*Reed,* at p. 1227.)

However, under a judicially created exception to the general rule, a defendant may *not* be convicted of multiple offenses for the same act where one of the offenses is a necessarily included offense of the other; rather, the trial court must vacate one of two convictions before sentencing.  (*Reed, supra,* 38 Cal.4th at p. 1227; *People v. Ramirez* (2009) 45 Cal.4th 980, 984; *People v. Vazquez* (2021) 63 Cal.App.5th 107, 114 (*Vazquez*).)  " ' "The test in this state of a necessarily included offense is simply that where an offense cannot be committed without necessarily committing another offense, the latter is a necessarily included offense." ' "  (*People v. Miranda* (1994) 21 Cal.App.4th 1464, 1467 (*Miranda*).)  Or, put another way, " '[I]f a crime cannot be committed without also necessarily committing a lesser offense, the latter is a lesser included offense within the former.' "  (*Reed*, at p. 1227.)

Courts often use the terms "necessarily included offense" and "lesser included offense" interchangeably "in determining whether the rule against

multiple convictions applies in any given case." (*People v. Sloan* (2007) 42 Cal.4th 110, 115, fn. 2.)  As the court in *Vazquez* explained, "the generally understood rule is that appellate courts should 'reverse the conviction for the included offense and direct the entry of a dismissal of the less serious crime,' " and that the included offense is also "usually the 'less serious crime,' meaning it carries lesser punishment." (*Vasquez, supra,* 63 Cal.App.5th at p. 115.)  But that is not always the case.

This case presents a somewhat unusual scenario in which a jury convicted the defendant under two separate statutes but the arguably less serious of the convictions—DUI causing injury—carried a longer potential sentence.  Violations of section 191.5, subdivision (b) and Vehicle Code section 23153 are punishable under similar triads of 16 months for the low term and two years for the middle term, but section 191.5, subdivision (b) carries a slightly higher maximum term of four years, while section 23153 falls under the standard triad with a maximum term of three years.  (See § 191.5, subd. (c)(2) [16 months, 2 years, 4 years]; Veh. Code § 23554 [first offense under 23153 punishable under standard triad]; § 1170, subd. (h)(1) [standard triad is 16 months, 2 years, 3 years].)

Here, though, the associated great bodily injury enhancements resulted in a longer potential sentence as to counts 3 and 4.  The jury made similar factual findings regarding the infliction of great bodily injury as to each count, but because of differences in the way that the different offenses must be charged (which we explain in more detail *post*), the jury was presented with slightly different allegations for each.  Counts 1 and 2 alleged separate charges as to each victim with a single great bodily injury allegation, while counts 3 and 4 alleged a single violation of two separate statutes, respectively, as to both victims, along with two separate great bodily injury

6

allegations each, one for each victim. Further, section 12022.7, subdivision (a), allowed for an additional term of imprisonment of three years for each of the two enhancements attached to counts 3 and 4, while the same factual allegation as to counts 1 and 2 elevated the offense to a serious felony eligible for a strike but did not allow the imposition of an additional term. (See §§ 1192.7, subd. (c)(8); 12022.7, subd. (g) ["[t]his section shall not apply to murder or manslaughter"]; *People v. Cook* (2015) 60 Cal.4th 922, 925 [concluding § 12022.7, subd. (g) "prohibits enhancing a manslaughter or murder conviction"].) Thus, the trial court could have sentenced Meno to a maximum term of four years eight months on counts 1 and 2, or a combined term of eight years on counts 3 and 4.

Meno asserts, as he did in the trial court, that since counts 3 and 4 were necessarily included—or "lesser"—offenses of section 191.5, subdivision (b), the trial court had no choice but to dismiss the convictions for counts 3 and 4. Switching course on appeal, the People contend that DUI causing injury is not a necessarily included offense of vehicular manslaughter while intoxicated, particularly where, as here, there are multiple victims.[5] They also maintain, as they did in the trial court, that, even if it were, the trial court had discretion to dismiss either counts 1 and 2 or counts 3 and 4.

We take the contentions in turn, and first consider whether a conviction for DUI causing injury is always a necessarily included offenses of vehicular manslaughter while intoxicated.

---

[5] Meno contends the People forfeited this issue by failing to raise it in the trial court. Because the issue raises a relevant question of law that we review de novo, we exercise our discretion to reach the merits on appeal. (See *Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 24.)

7

### A. *DUI Causing Injury Is a Necessarily Included Offense of Vehicular Manslaughter While Intoxicated*

In *People v. Sanders* (2012) 55 Cal.4th 731 (*Sanders*), our high court explained: "When a defendant is found guilty of both a greater and a necessarily lesser included offense arising out of the same act or course of conduct, and the evidence supports the verdict on the greater offense, that conviction is controlling, and the conviction of the lesser offense must be reversed." (*Id.* at p. 736.) However, the Court went on to conclude that neither of the two offenses at issue there—offender in possession in violation of former section 12021(a)(1) and violent offender in possession in violation of former section 12021(a)—was necessarily included in the other. (*Sanders,* at p. 736.)

The Court explained the statutory element test is used to determine whether one offense is necessarily included in another. (*Sanders*, 55 Cal.4th at p. 737.) " 'Under the elements test, if the statutory elements of the greater offense include all of the statutory elements of the lesser offense, the latter is necessarily included in the former.' " (*Ibid.,* quoting *Reed, supra*, 38 Cal.4th at pp. 1227, 1229.) The same is true if one cannot commit the former crime without necessarily committing the latter. (*Sanders,* at p. 737.) The Court in *Sanders* found "it was possible to commit either offense without committing the other," and therefore concluded that neither was necessarily included in the other. (*Sanders,* at p. 741.) Accordingly, the convictions for both offenses could stand, but under section 654 the defendant could only be *punished* for one statutory violation based on his possession of a single firearm. (*Id.* at pp. 741, 743.)

As relevant here, the court in *Miranda* addressed a similar question in connection with convictions under both section 191.5, subdivision (a) and Vehicle Code section 23153, subdivision (a) arising out of a single accident

8

causing the death of a single victim. (*Miranda, supra,* 21 Cal.App.4th at p. 1468.) Although it preceded the decisions in *Reed* and *Sanders*, the *Miranda* court applied similar reasoning to conclude that a conviction under Vehicle Code section 23153, subdivision (a) was a necessarily included offense of section 191.5, subdivision (a). The court explained, a "person who injures [another] person while driving under the influence commits a violation of Vehicle Code section 23153; and if that person dies from that injury— whether immediately or sometime later—a violation of . . . section 191.5 has occurred." (*Miranda,* at p. 1468.) Practically speaking, one cannot be killed without incurring some injury. (*Ibid.*)

Here, the jury found Meno guilty of the lesser included offense of vehicular manslaughter while intoxicated with ordinary negligence, pursuant to section 191.5, subdivision (b), as opposed to gross negligence under subdivision (a).[6] But the same reasoning applies. Neither subdivision (a) nor (b) of Vehicle Code section 23153 requires gross negligence; they simply require the driver to "do any act forbidden by law, or neglect any duty imposed by law in driving the vehicle, which act or neglect proximately causes bodily injury to any person other than the driver." (Veh. Code § 23153, subds. (a), (b).) Thus, we see no reason to reach a different conclusion as to whether a conviction for DUI causing injury under subdivision (a) or (b) of Vehicle Code section 23153 is a necessarily included offense to either subdivision (a) or (b) of section 191.5. (See *People v. Binkerd*

---

[6] The parties have always agreed that a violation of section 191.5, subdivision (b) is a lesser included offense to a violation of section 191.5, subdivision (a). The verdict forms presented to the jury included separate verdict forms of counts 1 and 2, one each for section 191.5, subdivision (a), and one each for the stated lesser included offense for section 191.5, subdivision (b), and the trial court instructed the jury to consider the latter charges only if they did not find Meno guilty of the former.

(2007) 155 Cal.App.4th 1143, 1145, fn. 1, 1147−1148 (*Binkerd*) [relying on *Miranda* to conclude DUI causing injury is a lesser included offense of section 191.5, subdivision (b)]).

The People assert that this is not the case, though, where there are multiple victims. As they explain, a defendant is guilty of only one count of DUI causing injury under Vehicle Code section 23153, subdivision (a) or (b) for a single instance of driving, since the gravamen of the offense of DUI causing injury is the act of driving itself. (*Wilkoff v. Superior Court* (1985) 38 Cal.3d 345, 349−351 (*Wilkoff*);[7] *People v. Walker* (2014) 231 Cal.App.4th 1270 [applying *Wilkoff* and requiring dismissal of additional counts of DUI causing injury]). However, a defendant may be convicted of multiple counts of vehicular manslaughter based on a single incident that results in the deaths of multiple victims, because manslaughter is based on an act of violence against another, and therefore falls under an exception to the general rule that a defendant may only be convicted of a single crime for a single criminal act. (*Wilkoff*, at p. 351.)

Applying these same rules to a case in which there are two or more victims in a single accident and at least one is injured but not killed, a defendant may be convicted of one count of vehicular manslaughter as to a first victim that was killed, and one count of DUI causing injury as to a second victim that was injured but not killed. (*Wilkoff, supra,* 38 Cal.3d at pp. 353−354; accord *People v. McFarland* (1989) 47 Cal.3d 798, 804−805; *People v. Machuca* (2020) 49 Cal.App.5th 393, 397 (*Machuca*) [DUI causing

---

7    As relevant here, the *punishment* for the single offense of DUI causing injury may be increased by adding enhancements, including separate enhancements under section 12022.7 for each injured individual. (*Wilkoff, supra,* 38 Cal.3d at p. 352; *People v. Arndt* (1999) 76 Cal.App.4th 387, 397.)

10

injury conviction was not lesser offense to manslaughter where the charges related to different victims].) However, regardless of whether the defendant was convicted of manslaughter for the death, the defendant could only be convicted of a single count of DUI causing injury. Thus, the People assert that there are scenarios in which a defendant can be convicted of one offense but not the other, and therefore DUI causing injury is not always a necessarily included offense to vehicular manslaughter while intoxicated.

The problem with the People's argument is that it focuses on the number of counts available for separate victims, and not the elements of the underlying crimes as to each. As the court in *Machuca* explained, the reasoning in *Miranda* and *Binkerd* does not support the conclusion that DUI causing injury was a necessarily included offense to vehicular manslaughter *for a second victim in a case in which one victim was killed and one was not*, because the death of the first victim—and the related manslaughter charge—has no bearing on the injury to the second victim. (*Machuca, supra,* 49 Cal.App.5th at pp. 400−401.) In other words, the defendant could have killed the first victim without injuring the second and still would have been guilty of manslaughter. Thus, the charge of DUI causing injury *as to a second victim* is not necessarily included in the charge of homicide *as to the first*. However, the fact remains that, as to a single victim, a person cannot commit vehicular manslaughter while intoxicated without also committing DUI causing injury. And here, Meno was charged with one count of vehicular manslaughter as to *each* of the victims.

Thus, we agree with the courts in *Miranda* and *Binkerd* that, focusing on the language of the statutes themselves, as to a single victim that died, DUI causing injury is a necessarily included offense of vehicular manslaughter while intoxicated. The same remains true for two individual

11

counts of vehicular manslaughter while intoxicated as to two separate victims. A defendant may not be convicted of both manslaughter and DUI causing injury based on the death of a *single* individual victim killed during a single act of driving. But where, as here, a second victim also dies, the defendant could be convicted of two counts of vehicular manslaughter while intoxicated, one as to each victim; one count of vehicular manslaughter while intoxicated as to one victim and one count of DUI causing injury as to the other; or *one* count of DUI causing injury as to both victims.[8] A defendant cannot, however, be convicted of two counts of vehicular manslaughter while intoxicated, one as to each victim, *and* DUI causing injury.

The differences in how the two separate offenses must be charged in cases with multiple victims preclude them from being neatly presented as "lesser" included offenses in at least some cases. Here, as noted at oral argument, counts 3 and 4 were charged separately from counts 1 and 2, and the jury was not instructed, as they were for the lesser included offenses in counts 1 and 2, to only consider counts 3 and 4 absent a conviction on counts 1 and 2.[9] Nevertheless, the judicially created rule that a defendant may not be convicted of multiple offenses for the same act applies where one of the offenses is a necessarily included offense of the other. (See *Sanders*, 55 Cal.4th at p. 737.) Where a defendant is convicted of both vehicular

---

[8]    If the People were correct that DUI causing injury is not a necessarily included offenses of vehicular manslaughter while intoxicated, the trial court should have stayed the punishment for, rather than vacate the convictions for, vehicular manslaughter while intoxicated.

[9]    Neither party has suggested there was any error in how the charges were presented to the jury and, thus, we expressly do not consider that issue in the present appeal.

manslaughter while intoxicated and DUI causing injury *for the same victim or set of victims*, one of the convictions must be vacated.

**B.**    ***The Trial Court Was Not Required to Vacate the Convictions in Counts 3 and 4 for DUI Causing Injury***

This leads us to the second inquiry raised by the parties; in a case where there are two deceased victims, and two convictions for vehicular manslaughter, must the trial court vacate a third conviction for DUI causing injury, as a necessarily "lesser" included offense in the two vehicular manslaughter convictions, or may it choose to instead vacate the vehicular manslaughter convictions?

As discussed, *ante,* many of the prior cases address slightly different scenarios. In *Miranda*, the trial court imposed a greater sentence for the violation of section 191.5, subdivision (a)—seven years, including a base term of six years, enhancement by one year for injury to a second victim—than for Vehicle Code section 23153, subdivision (a)—four years, including a base term of three years, enhanced by one year. (*Miranda, supra,* 21 Cal.App.4th at p. 1466.) The appellate court reversed the conviction on the latter count, which carried the lesser sentence, and, thus, there was no need for the court to consider the issue now before us; namely, whether the trial court may choose to vacate the greater or primary offense, rather than the necessarily included offense, when the latter carries a lengthier sentence.

In *Vazquez*, the court addressed a similar question as the one raised here but in the context of different underlying offenses. (See *Vazquez, supra,* 63 Cal.App.5th at p. 113.) Vazquez was convicted of both rape and aggravated sexual assault of a minor by means of rape. (*Ibid*.) The trial court sentenced Vazquez to a term of 25 years to life on the rape count and imposed but stayed a term of 15 years to life on the aggravated assault count. (*Ibid*.) The parties and the court agreed that rape was a necessarily included

13

offense of aggravated sexual assault by means of rape, but that the aggravated sexual assault conviction should be vacated because the rape conviction carried a longer prison term.  (*Ibid*.)

The appellate court explained that "the generally understood rule is that appellate courts should 'reverse the conviction for the included offense and direct the entry of a dismissal of the less serious crime,' " but that the included offense is also "usually the 'less serious crime,' meaning it carries lesser punishment."  (*Vazquez, supra,* 63 Cal.App.5th at p. 115.)  Because the rape count in *Vazquez* carried a longer sentence, following the general rule there "would result in an anomalous oddity."  (*Vazquez,* at p. 114.)  Wishing to avoid such an anomaly, the court concluded that the appropriate remedy would be to vacate the aggravated assault conviction.  (*Id*. at p. 115.)

The court in *Vazquez* relied on "[t]wo basic legal principles combine to justify this remedy."  (*Vazquez, supra,* 63 Cal.App.5th. at p. 115.)  First, at the time, section 654 provided, " '[a]n act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment."  (*Vazquez,* at p. 115.)  Second, while the California Supreme Court had clearly proscribed allowing convictions on both a greater offense and a necessarily included offense, the court could find "no authority requiring that the necessarily included offense must always be the one vacated."  (*Ibid*.)  "Combining these two stated principles, [the court] conclude[d] the appropriate thing to do [was] to allow the offense that provides for the longer potential prison term to stand."  (*Vazquez,* at pp. 115–116.)

Meno asserts that *Vazquez* is inconsistent with *Miranda, Reed,* and *Sanders*, and that we therefore should not follow it here.  We disagree. Although the various courts in *Miranda, Reed,* and *Sanders* each applied the

accusatory pleading test to determine that one or more convictions had to be dismissed as necessarily included offenses, none of them actually considered whether a conviction for an allegedly more serious offense must be the "greater" offense or, stated different, whether the trial court could choose to dismiss the presumably "greater" conviction when the latter actually carries a longer potential sentence. (See *Sanders, supra*, 55 Cal.4th at pp. 736–737 [concluding multiple convictions under separate firearm statutes were not barred]; *Reed, supra,* 38 Cal.4th at p. 1224 [same]; *Miranda, supra,* 21 Cal.App.4th at pp. 1466, 1468 [addressing charges related to a single victim].)

In *People v. Pearson* (1986) 42 Cal.3d 351, the California Supreme Court acknowledged "the reason for the rule [that multiple convictions may *not* be based on necessarily included offenses] is unclear." (*Id*. at p. 355.) This is particularly true of the often stated but infrequently applied general rule stated in *Sanders* that the conviction on the greater offense controls.

*People v. Tideman* (1962) 57 Cal.2d 574, one of the earlier cases we have found from which this rule seems to have arisen, discusses the underlying concept to some extent. There, the court explained, "if the defendant be convicted of the greater, he should be 'acquitted' on any count of the accusatory pleading charging the lesser. And certainly such 'acquittal' should not operate to vitiate his conviction and sentence for the greater. If he has been convicted and separately sentenced for both offenses, and if conviction of the greater is sustained, the defendant still need not be prejudiced by such overlapping sentences; any reviewing court meeting that situation can and should direct that the sentence for the included offense is as a matter of law merged in the sentence for the greater. However, in the circumstance assumed, reversal or vacation of the sentence for the included

15

offense, and dismissal of the count charging that offense, whether by the trial court or an appellate court, would not affect the integrity of the conviction and sentence for the greater." (*Id*. at p. 582.)

Thus, as discussed in *Vazquez*, the rule seems to derive from the "typical" case in which the greater offense carries the greater sentence. We have not found, and neither party has pointed us to, any case in which the court provides any other explanation for the basic statement that the "greater" offense is controlling. Thus, we do not think that by stating the "general rule," courts intended for the opinions to stand for the proposition that the greater offense is *always* the one with one or more additional elements. Rather, the courts simply chose one of two ways to describe what is typically the "greater" offense. But where, as here, the necessarily included offense carries the longer potential sentence, we agree with the court in *Vazquez* that there is no requirement that the trial court vacate the necessarily included offense, so long as the court does not maintain convictions for both offenses.

As a final matter, we acknowledge that the court reached a different conclusion in *Binkerd*. There were two victims in *Binkerd*; one that perished and one that did not. (*Binkerd, supra,* 155 Cal.App. 4th at p. 1146.) Like here, the trial court chose to sentence the defendant under the DUI causing injury conviction in count 2, with an associated great bodily injury enhancement for each of the two victims. (*Id*. at p. 1147.) However, the court stayed sentencing on the vehicular manslaughter while intoxicated conviction in count 1, rather than dismissing the charge all together. (*Ibid*.) On appeal, Binkerd asserted the trial court erred by convicting her on count 2, and the appellate court agreed. (*Ibid*.)

After dispensing with the People's other arguments—which related primarily to the assertion that DUI causing injury conviction was not a necessarily included offense to vehicular manslaughter while intoxicated—the court noted that "the Legislature has provided a specific penalty for a conviction of manslaughter occurring as a result of driving while intoxicated without gross negligence." (*Binkerd, supra,* 155 Cal.App. 4th at p. 1149.) The court continued, "[s]entencing appellant on the lesser included offense of Vehicle Code section 21353, with a great bodily injury enhancement under section 12022.7 as alleged in count 2 for the injuries suffered by the deceased victim [ ] circumvents the statutory scheme for vehicular manslaughter." (*Binkerd,* at p. 1150.)

We are not persuaded and decline to follow *Binkerd* on this last point. Even if we accept the proposition that the Legislature intentionally set a specific punishment for vehicular manslaughter while intoxicated, the same is true for DUI causing injury, and, specifically, the Legislature intentionally provided for the ability to allege two separate three-year enhancements for each of two separate victims. There is nothing in either statute that suggests the Legislature intended for the sentence for two victims that died to be less than that for two victims that were injured. (Cf. *People v. Pecci* (1999) 72 Cal.App.4th 1500, 1506 [plausible explanation why apparently "greater" offense carried lesser sentence].)

Moreover, by requiring that the trial court dismiss count 2 in *Binkerd*, the appellate court essentially precluded the trial court from imposing punishment for the injury to the second victim (who was not killed). Although this was arguably a result of the way in which the prosecution charged the case (naming the deceased as the victim in both counts), this result is inconsistent with the general rule that a defendant may be punished

17

for each victim injured or killed by a single act. Here, where the prosecution charged one count of DUI causing injury along with two separate great bodily injury enhancements for each victim, we see no reason why the trial court should not have been permitted to sentence the defendant under those valid convictions while still abiding by the rule against multiple convictions by vacating counts 1 and 2.

Based on the foregoing, and considering the specific array of charges at issue in this case, we conclude the trial court did not err by vacating counts 1 and 2, sentencing Meno under count 3, and staying the sentence under count 4.

## II. The Trial Court Did Not Err by Including Additional Terms for Two Great Bodily Injury Enhancements on Count 3

Meno asserts, even if the trial court did not err by dismissing counts 1 and 2 and sentencing him on counts 3 and 4, the matter must be remanded for resentencing because the trial court improperly imposed an enhancement on the stayed count 4. We disagree.

The jury convicted Meno of DUI causing injury in violation of Vehicle Code section 23153, subdivisions (a) in count 3 and driving with a BAC of 0.08 percent or more causing injury in violation of Vehicle Code section 23153, subdivision (b) in count 4. As to *each*, the jury found true allegations that Meno personally inflicted great bodily injury on two separate victims.

At sentencing the court stated, "Thus, after weighing the circumstances in mitigation and the four circumstances in aggravation, the Court finds the middle term of two years imprisonment as the appropriate term. The Court adds an additional three years of imprisonment for each of the Penal Code Section 12022.7(a) enhancements for an additional six years resulting in a total term of eight years imprisonment. This is the term of imprisonment that will be imposed as to both Counts 3 and 4." After imposing an

18

additional, concurrent sentence on count 6, the court clarified, "The Court finds that Counts 3 and 4 involve the same conduct and act; thus, punishment as to Count 4 is stayed pursuant to Penal Code Section 654."

On the abstract of judgment, the court noted the two-year term for count 3 and an additional stayed two-year term for count 4. It then listed two additional terms for three years each, pursuant to section 12022.7, subdivision (a) under enhancements, with count 3 to the left of one and count 4 to the left of the other. We agree with the People that the listing of counts 3 and 4, as opposed to two enhancements tied to count 3, was merely a clerical error. The oral pronouncement was clear; the trial court intended to impose a combined term of eight years on counts 3 and 4, with the punishment stayed as to count 4. Had the court intended to stay both the base term and the enhancement as to count 4, it would have noted a term of five years, not eight. The court's oral pronouncement constitutes the judgment, which this court has inherent power to correct. (See *People v. Mesa* (1975) 14 Cal.3d 466, 471; *People v. Mitchell* (2001) 26 Cal.4th 181, 185−186.) We will do so here.

19

## DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare a new abstract of judgment to reflect its oral pronouncement of judgment, including a separate imposed term of three years for each of two enhancements to count 3, and a stayed imposition of the same enhancements on count 4.  The trial court shall forward a certified copy of the corrected abstract of judgment to the California Department of Corrections and Rehabilitation.

KELETY, J.

WE CONCUR:

McCONNELL, P. J.

RUBIN, J.

20